# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jasmin Vega, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Solutions, LLC, a foreign limited liability company, | |
| | **JURY TRIAL DEMAND** |
| Synchrony Financial d/b/a Synchrony Bank, a foreign bank, | |
| Sherman Financial Group, LLC d/b/a Credit One Bank, a foreign limited liability company, and | |
| Genesis Financial Solutions, Inc., a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, JASMIN VEGA, BY AND THROUGH COUNSEL, DANIEL ZEMEL, ESQ., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Brooklyn, Kings County, New York.

4. Venue is proper in the Eastern District of New York.

## PARTIES

5. Plaintiff is a natural person residing in the City of Brooklyn, Kings County, New York.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of New York;

    b. Synchrony Financial d/b/a Synchrony Bank ("SYNCB") is a foreign bank that conducts business in the State of New York;

    c. Sherman Financial Group, LLC d/b/a Credit One Bank ("Sherman Financial") is a foreign limited liability company that conducts business in the State of New York; and

    d. General Financial Solutions, Inc. ("GFS") is a foreign corporation that conducts business in the State of New York.

## GENERAL ALLEGATIONS

7. SYNCB, Sherman Financial and GFS (collectively, "Furnishers") are inaccurately reporting their tradelines ("Errant Tradelines") with an erroneous scheduled monthly payment on Plaintiff's Equifax credit disclosure.

8. SYNCB is inaccurately reporting two of its Errant Tradelines on Plaintiff's Equifax credit disclosure with an erroneous scheduled monthly payment amount of the following:

    a. SYNCB/JC Penney with a balance of $227.00 and a scheduled monthly payment amount of $13.00 which is closed; and

    b. SYNCB/ TJX CO with a balance of $29.00 and a scheduled monthly payment amount of $10.00 which is closed.

9. Sherman Financial is inaccurately reporting its Errant Tradeline with an erroneous scheduled monthly payment amount of $98.00 on Plaintiff's Equifax credit disclosure.

10. GFS is inaccurately reporting its Errant Tradeline with an erroneous scheduled monthly payment amount of $144.00 on Plaintiff's Equifax credit disclosure.

11. The account reflected by the Errant Tradelines were closed by the Furnishers. Plaintiff no longer has an obligation to make monthly payments to the

Furnishers. Defendant closed the accounts. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy these debts in monthly installments.

12. The Errant Tradelines should be reported by the Furnishers with a scheduled monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a scheduled monthly payment on a closed account.

13. On May 4, 2020, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines inaccurately reporting with erroneous monthly payment amounts.

14. On or about June 30, 2020, Plaintiff submitted a letter to Equifax, disputing the Errant Tradelines. In her dispute letter, Plaintiff explained that the accounts reflected by the Errant Tradelines were closed. Therefore, Plaintiff no longer has an obligation to make scheduled monthly payments to the Furnishers. Accordingly, Plaintiff asked Equifax to report the Errant Tradelines with a scheduled monthly payment amount of $0.00.

15. Equifax forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax.

16. The Furnishers and Equifax did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. Plaintiff had not received Equifax's investigation results. Therefore, on August 19, 2020, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and the Furnishers failed or refused to report the Errant Tradelines with a scheduled monthly payment amount of $0.00.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCB**

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous scheduled monthly payment, SYNCB negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

21. SYNCB negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to report the monthly payment as $0.00.

22. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradelines.

23. As a direct and proximate cause of SYNCB's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. SYNCB is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Plaintiff has a private right of action to assert claims against SYNCB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant SYNCB for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCB

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, SYNCB willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

28. SYNCB willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of SYNCB's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. SYNCB is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant SYNCB for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SHERMAN FINANCIAL

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous scheduled monthly payment, Sherman Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

33. Sherman Financial negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the monthly payment as $0.00.

34. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradelines.

35. As a direct and proximate cause of Sherman Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. Sherman Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

37. Plaintiff has a private right of action to assert claims against Sherman Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Sherman Financial for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SHERMAN FINANCIAL

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Sherman Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

40. Sherman Financial willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

41. As a direct and proximate cause of Sherman Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. Sherman Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an

amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Sherman Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GFS

43. Plaintiff realleges the above paragraphs as if recited verbatim.
44. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous scheduled monthly payment, GFS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).
45. GFS negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the monthly payment as $0.00.
46. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradelines.

47. As a direct and proximate cause of GFS' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

48. GFS is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

49. Plaintiff has a private right of action to assert claims against GFS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant GFS for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GFS**

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, GFS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

52. GFS willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

53. As a direct and proximate cause of GFS' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

54. GFS is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant GFS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

57. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

58. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

59. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

64. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

65. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

66. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

67. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

68. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: November 18 2020

        /s/ Daniel Zemel
        Daniel Zemel
        Zemel Law, LLC
        Address: 1373 Broad St. Suite 203C
        Clifton, NJ  07013
        E-mail: dz@zemellawllc.com
        Tel.: (862) 227-3106
        Fax: (862) 204-5901
        *Attorney for Plaintiff*
        *Jasmin Vega*